which is United States v. Robertson, docket 20-6014. And Mr. Lacey, when you're prepared to begin, we're prepared to hear you. Thank you very much, Your Honor. Good morning. My name is Paul Antonio Lacey. I'm with the Federal Public Defender's Office here in Oakland City and I represent the appellant, Mr. Curtis Robertson. I would like to begin this by saying it's been a privilege to practice before this court for the last 30-something years and I will be retiring December 31st. Congratulations. And I will also say this, if I'm a little uneasy to right now, it's because I've been up since 3 o'clock this morning taking care of my wife. So my wife, yes, she's on hospice now. So I'm going to try to keep this brief. Mr. Robertson, I represented him originally back at his first trial, at his trial. He was a rather interesting individual who decided he wanted to go to trial facing two 851 counts mandating a mandatory life sentence. He gambled and he lost. And after many years, the first step back gave him an avenue for some relief to which the district court granted in part and reduced his life sentences down to 360 months. And Mr. Robertson asked for this appeal, arguing and asking me to argue that the court never considered the discretion of whether it could depart or vary below his advisory guideline, which all the parties agreed was 360 to life now. But his statutory penalty had been reduced to 5 to 40. So as we read the order of the court, it's left with some odd language. We know based on United States versus Manny, that the court has a tremendous amount of discretion and may consider the factors. And in that consideration, you would expect that the court would use the term discretion somewhere within its order. What is confusing is in the conclusion of the court's order, it says pursuant to the terms of FSA 2010 made effective by the FSA 2018, the defendant is entitled to a reduction in his sentence. This is not the law. It never has been because it's very clear in the first step back that the court will determine whether the person has a covered offense and then determine whether or not they are going to exercise its discretion and reduce the sentence at all. So whether it reduces the sentence down to a guideline range or to a sentence lower, that was never addressed in the court's order. Furthermore, in its decision relating to the career offender application, it said what it has said in another case, United States versus Timothy Johnson, which has also just been remanded, that the only consideration, the only relevant inquiry is how the FSA reduced or changed the defendant's potential sentence. So this is where it gets confusing. It's like that is not the only relevant consideration under the First Step Act because we know that part of the requirements is that the defendant has a full merits review. So we're asking the court, this court, to remand his case back to the district court in light of United States versus Brown decided on September the 9th to re-examine his career offender status. And at the same time, we can address the question of did the court recognize that it had the authority and the discretion to give him a advisory sentencing guideline. But U.S. versus Brown specifically says this is not a plenary resentencing. That's right. Simply a sentence modification. Yes, I agree with that. And I'm looking, it says remanded upon remand, the district court shall consider Mr. Brown's challenge to his career offender status in accordance with the opinion. So I'm reading from that. In accordance with the opinion specifically was to see whether he was, his career, the offense that was used to make him a career offender was simply pointing a firearm or whether it was under the residual clause which had a shotgun or something which would make a difference. Other than that, your case is exactly like Brown. So do we know what the firearm was in this case? At the time of his initial sentencing, the question of whether he was a career offender was never an issue because the sentence he received was the mandatory life sentence under the 851. So it was never even addressed. And I'm going to pass my time or reserve some. Thank you. Mr. Ogilvie. Thank you, your honors. Good morning and may it please the court. My name is Tim Ogilvie representing the United States. It's important to note in this case, the only remedy that is Mr. Robertson is a remand. And we suggest in our reply brief that a remand, of course, is within this court's power and within its discretion, but is not necessary here because of the arguments that were presented before it. As we pointed out at the district court level, Mr. Robertson Robertson did not make a challenge to the fact that he was no longer a career offender. Instead, he said only that he might not be. And the court should examine that as a discretionary factor. And the government then responded that to the extent the judge was tempted to get into the legal consequences of career offender. That was not necessary for two reasons. One, it was couched in discretionary terms. And second, the First Step Act proceeding is not a plenary resentencing. And I think that explains Judge Cothran's language when the district court says the only relevant inquiry is how the sentence changes as a result of the Fair Sentencing Act. And I believe that's what the district court meant by saying that's really the only consideration. Other guideline challenges that could have or might have been brought or were already decided remain decided and are off limits. Whatever Mr. Robertson initially raised in the district court, the government did bring up the career offenders application. And looking at the district court's order right now, I guess I could choose different sentences, but this one seems on point. Defendant argues that when the career offender enhancement is dropped, its guideline range becomes 120 to 125 months, which that's brown. So why is it not properly before us, whatever the technicalities of who precisely uttered what in the district court? Looks like the district court decided it. Well, Your Honor, I do agree that the government raised it and that is what the judge found. And that's why when we made a passing reference to whether or not this issue was preserved, it was only that. And it was really more to emphasize the fact that truly what the district court was asked to do is different than what this court is being asked to consider. Are you fighting a remand in line with Brown? It looks like it's Brown too to me. Why would you fight that? And are you fighting that? First of all, Your Honor, I would say overall, no, we are not fighting that. I've recognized at the beginning of my argument, the court has the authority and candidate wishes to do so. We've only suggested that as far as an explanation for not imposing of a low guideline sentence, that the district court's explanation was sufficient. Not that remand is impossible or a bad idea, only that it's not warranted here because of the sufficiency of the explanation about not imposing a below guideline sentence. And the fact that the court was asked to think about the career offender, not to decide it, but only think about it as a matter of discretion. But the district court plainly took a wrong turn, understandably, the same one that I argued in the dissent in Brown, which is the court went along with Hedgewood view of the world, the Fifth Circuit, which said, you can't even get to that point. You're not allowed to start reevaluating the career offender. So the district court said, I'm not. But it turns out that Hedgewood doesn't control in our circuit. If I were the district court, I'd want the case back. Is that unreasonable? I don't think it is, Your Honor. And I am confident that Brown was decided well after the judges order in this case. So none of us have the benefit of Brown. And I don't think any of us recognize that this case might ultimately or the law in our circuit might ultimately disagree with the Hedgewood court. But that did seem to be the greater weight of circuit authority at the time Judge Codron ruled. Your Honor's characterization of this as Brown 2 is very apt. The only difference is that Mr. Brown raised a direct challenge to whether he was career offender, and Mr. Robertson raised it only as a matter of discretion. And if that's too fine a point, I understand that argument. But that's really the only thing that distinguishes this case from Brown. So beyond that, Your Honors, I have suggested again in my brief, not that a remand shouldn't or couldn't be sought here or granted by this court, only that under the specific request that was made to the district court that a remand might not be necessary. And unless there are further questions, I will let my brief speak for me on this issue. And I appreciate the court's time. Thank you. Thank you very much. And there is rebuttal time. Yes, I'm going to waive that and leave it to the discretion of this court to make the proper decision. Again, I want to repeat, it's been a pleasure. As well, congratulations on a long, successful career. We'll miss you. Thank you. And thank you, both counsel, for your very helpful briefs and arguments, and the case is now submitted.